# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-671V

| | |
|---|---|
| JOHN and HUALI THOMPSON, parents, on the behalf of J.C.T., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | **UNPUBLISHED**<br><br>Special Master Katherine E. Oler<br><br>Filed: February 22, 2022<br><br>Interim Attorneys' Fees and Costs |

*Renée Gentry*, The Law Office of Renée J. Gentry, Washington, DC, for Petitioners.
*Catherine Stolar*, U.S. Department of Justice, Washington, D.C., for Respondent.

### DECISION ON MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 29, 2015, John and Huali Thompson ("Petitioners"), parents of J.C.T., filed for compensation in the National Vaccine Injury Compensation Program ("the Vaccine Program"),[2] alleging that J.C.T. developed injuries including global developmental delay, seizure disorder, and

---

[1] This Decision will be posted on the Court of Federal Claims' website. **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). If, upon review, I agree that the identified materials fit within this definition, I will redact such material from public access. Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

encephalopathy, as a result of the DTaP and Hib vaccinations[3] he received on July 7, 2012. Pet. at 1, ECF No. 1.

Petitioners filed a Motion for Interim Attorneys' Fees and Costs on July 6, 2021 requesting $216,780.75. Fees App., ECF No. 142. On July 19, 2021, Respondent filed a response stating it is within my discretion to award interim attorneys' fees and costs. Fees Resp. at 2, ECF No. 144.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioners' application and award a total of **$198,520.80** in interim attorneys' fees and costs.

## I.     Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought her petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more

---

[3] Petitioners later specified that the Pentacel, PCV13, and Rotateq vaccinations J.C.T. received on July 7, 2012 "caused an immune mediated reaction resulting in the development of an epileptic encephalopathy". Pet'rs' Pre-Hearing Br. at 21, ECF No. 106.

than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in her claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

3

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Undue Financial Hardship

This case has been in litigation for over six years. Ms. Gentry, and Petitioners' former counsel, Mr. Shoemaker and Mr. Stephen Ringkamp, have expended numerous hours on this case. Furthermore, counsel expended funds to hire experts and to file expert reports. Respondent has not filed any opposition to this fees application, thus I find it reasonable to award interim fees and costs at this juncture to avoid undue financial hardship.

### B. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of circumstances, taking into account the factual basis for the claim, and the medical and scientific support offered. An entitlement hearing was held on September 23-24, 2020. *See* Minute Entry dated 9/29/2020. Dr. Yuval Shafrir, board-certified in pediatrics, neurology, and clinical neurophysiology, has submitted four expert reports, in which he has opined that the vaccinations J.C.T. received provoked an immune/inflammatory response which caused epileptic encephalopathy. *See* Exs. 45, 102, 114, 146. With the medical records and expert reports provided, such evidence is sufficient to justify the filing of this petition, thus I find the petition was filed with reasonable basis.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioners' reasonable fees and costs in this instance.

**C. Attorneys' Fees**

Petitioners request $149,839.50 in attorneys' fees. Fees App.

  1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

---

[4] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

Ms. Gentry requests to be compensated at an hourly rate of $445.00 for 2019; $464.00 for 2020; and $489.00 for 2021. Mr. Clifford Shoemaker requests to be compensated at an hourly rate of $430.00 for 2016; $440.00 for 2017; $450.00 for 2018; and $460.00 for 2019. Petitioners also request an hourly paralegal rate of $150.00 for work performed from 2016-2019. This request is consistent with what I and other special masters have previously awarded Ms. Gentry, Mr. Shoemaker, and their paralegal, Ms. Sabrina Knickelbein. *See, e.g.*, *Davis v. Sec'y of Health & Hum. Servs.*, No. 15-159V, 2017 WL 877277 (Fed. Cl. Spec. Mstr. Feb. 7, 2017); *Smith v. Sec'y of Health & Hum. Servs.*, No. 14-982V, 2020 WL 1893464 (Fed. Cl. Spec. Mstr. Mar. 18, 2020); *Irwin v. Sec'y of Health & Hum. Servs.*, No. 16-1454V, 2020 WL 2510421 (Fed. Cl. Spec. Mstr. Apr. 9, 2020); *Hoefling v. Sec'y of Health & Hum. Servs.*, No. 18-1935V, 2020 WL 6109440 (Fed. Cl. Spec. Mstr. Sep. 14, 2020); *Temes v. Sec'y of Health & Hum. Servs.*, No. 16-1465V, 2021 WL 2375787 (Fed. Cl. Spec. Mstr. Apr. 15, 2021); *Chilazi v. Sec'y of Health & Hum. Servs.*, No. 17-221V, 2021 WL 3931913 (Fed. Cl. Spec. Mstr. July 1, 2021). Mr. Ringkamp did not request any attorneys' fees, just reimbursement of costs.

Accordingly, I find the requested rates to be reasonable and that no adjustment is warranted.

2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993). It is within a special master's discretion to instead make

---

The 2020 Fee Schedule can be accessed at:

http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf

The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

a global reduction to the total amount of fees requested. See *Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), mot. for rev. denied, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioners' counsel has provided a breakdown of hours billed. Fees App., Ex. A. I find the hours to be largely reasonable, but a small reduction is necessary due to billing for what appears to be administrative tasks, vague billing entries, and excessive interoffice communication. I, and other Special Masters have warned Ms. Gentry and Mr. Shoemaker of these practices before. *See, e.g., Chilazi v. Sec'y of Health & Hum. Servs.*, No. 17-221V, 2021 WL 3931913 (Fed. Cl. Spec. Mstr. Jul. 1, 2021)*; Oliver v. Sec'y of Health & Hum. Servs.*, No. 10-394V, 2019 WL 2246727 (Fed. Cl. Spec. Mstr. Apr. 16, 2019)*; Price v. Sec'y of Health & Hum. Servs.*, No. 11-442V, 2019 WL 1796100 (Fed. Cl. Spec. Mstr. Mar. 22, 2019); *Prokopeas v. Sec'y of Health & Hum. Servs.*, No. 04-1717V, 2017 WL 6763067 (Fed. Cl. Spec. Mstr. Dec. 5, 2017). These entries include (but are not limited to): "Review 8 medical requests going out today and quick review of provider list to make sure there aren't other records we need to requests [sic]", "Work on straightening out the medical records", "Download some of the exhibits from Pacer and complare [sic] with what counsel sent to us; PC w Alexis about refiling exhibits", "Email from Sabrina about exhibits", "Work on sorting out the records for refiling", "Work on exhibits", "Work on organizing records", "Prepare for filing and filing exs", and corresponding with medical providers to get medical records. Because several of these entries are part of larger blocks of time, occur over years of litigation, and are tasks performed by both attorneys and paralegals, I will apply a 10% reduction to the total attorneys' fees requested. This results in a reduction of $14,983.95.

Total fees to be awarded: **$134,855.55**

### D. Reasonable Costs

Petitioners request a total of $66,941.25 in costs, which includes obtaining medical records, the Court's filing fee, expert fees, copies, Mr. Stephen Ringkamp's expenses, and travel/lodging for the entitlement hearing on September 23-24, 2020. Fees App., Ex. 1 at 49.

1. Petitioners' Expert Costs

Petitioners request $57,075.00 for 158.25 hours of work performed by Dr. Yuval Shafrir. Fees App., Ex. A at 49. Petitioners request Dr. Shafrir be compensated at an hourly rate of $500.00 for his court appearance (totaling 11.25 hours or $5,625.00) and $350.00 for his time reviewing medical records, preparing and writing four expert reports, and preparing for the entitlement

hearing (totaling 147 hours or $51,450.00). Dr. Shafrir has previously been awarded his requested rates and I see no reason to disturb such a request. *See, e.g., Jaafar v. Sec'y of Health & Hum. Servs.*, No-15-267V, 2019 WL 2265329 (Fed. Cl. Spec. Mstr. Apr. 26, 2019); *Oliver v. Sec'y of Health & Hum. Servs.*, No. 10-394V, 2019 WL 2246727 (Fed. Cl. Spec. Mstr. Apr. 16, 2019)*; Price v. Sec'y of Health & Hum. Servs.*, No. 11-442V, 2019 WL 1796100 (Fed. Cl. Spec. Mstr. Mar. 22, 2019); *Berrett v. Sec'y of Health & Hum. Servs.*, No. 16-011V, 2019 WL 1451308 (Fed. Cl. Spec. Mstr. Mar. 1, 2019); *Cunningham v. Sec'y of Health & Hum. Servs.*, No. 13-483V, 2017 WL 4323145 (Fed. Cl. Spec. Mstr. Sept. 1, 2017); *Whitney v. Sec'y of Health & Hum. Servs.*, No. 10-809V, 2016 WL 4494199 (Fed. Cl. Spec. Mstr. July 27, 2016).

The amount of time Dr. Shafrir spent was also reasonable. In the future, however, Dr. Shafrir should describe his activities in more detail. Consolidating two days of activities, totaling nine hours, into three lines of text, totaling 13 words, does not provide much detail. Experts, like attorneys, should avoid block-billing. *See, e.g.*, *Whitney v. Sec'y of Health & Hum. Servs.*, No. 10-809V, 2016 WL 4491499 (Fed. CL. Spec. Mstr. Jul. 27, 2016); *Caves v. Sec'y of Health & Hum. Servs.*, 111 Fed. Cl. 774, 781 (2013).

### 2. Costs of Petitioners' former counsel: Mr. Stephen Ringkamp

Petitioners request a total of $6,014.77 for Mr. Ringkamp's expenses. This is Mr. Ringkamp's first and only case in the Vaccine Program. Mr. Ringkamp did not submit any billing for attorney hours but did submit a line item report of his expenditures for this case. Although they are not fully documented, I shall grant all copies, mailing costs, and medical record expenses, as well as the Court's filing fee. I will not grant Mr. Ringkamp's $276.00 admission fee to the U.S. Court of Federal Claims. Fees and costs related to the Court's admission are not compensable. *Raymo v. Sec'y of Health & Hum. Servs.*, No. 11–654V, 2016 WL 7212323, at *24 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), mot. for rev. denied, 129 Fed. Cl. 691 (2016).

On the matter of Dr. Orrin Devinsky's expert report (Ex. 24), I will defer payment for the $3,000.00 Mr. Ringkamp expended. There is no invoice for this report, therefore I do not know how many hours Dr. Devinsky spent formulating this one-page report, or what he charged as his hourly rate. Petitioners may re-apply for costs related to Dr. Devinsky in a motion for final attorneys' fees and costs. Such a motion should include line-by-line entries for Dr. Devinsky's time.

Former counsel Ringkamp's costs to be awarded: **$2,738.77**

### 3. Other Miscellaneous Costs

I have reviewed Petitioners' remaining costs totaling $3,851.48, which includes medical record requests, the entitlement hearing transcript, Ms. Gentry's hotel room for the entitlement hearing, and printing expenses. *See* Fees App., Ex. A at 49. These costs are reasonable, thus I award them in full.

Total costs to be awarded: **$63,665.25.**

## II. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioners' application, as follows:

A lump sum in the amount of **$198,520.80** representing reimbursement of Petitioners' interim attorneys' fees and costs in the form of a check jointly payable to Petitioners and their counsel Ms. Renée Gentry.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.